# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL BELLE, *et al.*, | ) |
| Plaintiffs, | ) Civil Action No. 13-1448 |
| v. | ) Judge Cathy Bissoon |
| UNIVERSITY OF PITTSBURGH MEDICAL CENTER, *et al.*, | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

### I. **MEMORANDUM**

Defendants' Motion to Dismiss (Doc. 52) based on issue preclusion will be granted to the extent described below, and Defendants' request to sever the claims of the named Plaintiffs will be denied, without prejudice. Also, Plaintiffs' Motion for Partial Summary Judgment (Doc. 48) regarding liability will be summarily denied.

Counsel are familiar with the circumstances giving rise to this case. This is, essentially, a second round of litigation, the genesis of which can be found in Camesi v. UPMC, Civil Action No. 09-85J (Bissoon, J.). In *Camesi*, this Court conditionally certified a collective action under the FLSA, but later decertified it. The Court found that collective treatment would present a myriad of disparate factual issues and defenses, as well as significant fairness and procedural concerns. *See generally id.* (available under Westlaw citation, 2011 WL 6372873). Rather than asking the Court to certify the aforementioned ruling for interlocutory appeal, Plaintiffs voluntarily dismissed their claims, with prejudice, in an attempt to secure a merits-review by the Court of Appeals for the Third Circuit. *See* Camesi v. UPMC, 729 F.3d 239, 243 (3d Cir. 2013).

On appeal, the Third Circuit Court highlighted that the *Camesi* plaintiffs did not complain, or seek review, of the "final" order dismissing their case, but, rather, limited their appeal to the decertification issue. *Id.* at 244. Otherwise, the appellate decision speaks for itself, and it suffices to say that that court was unimpressed with the *Camesi* plaintiffs' attempt to "impermissibl[y] . . . manufacture finality" regarding decertification. *See id.* at 245-46.

With that case finally resolved, the lawyers in *Camesi* have filed this lawsuit ("*Belle*"), identifying as named-Plaintiffs certain employees who previously had joined *Camesi* as "opt-ins." Several other individuals already have "opted in" to *Belle*, the vast majority of whom had also "opted in" to *Camesi*. Indeed, as of Plaintiffs' most recent briefing, 936 of the 982 opt-ins in *Belle*, or 95.32%, affirmatively participated in *Camesi*. As a practical matter, then, this case is a "redux" of *Camesi*, and, although the *Belle* Plaintiffs have tweaked some aspects of their pleadings, their theories of liability remain materially unchanged. *See generally* Defs.' Br. (Doc. 53) at 2-3 (highlighting that *Belle* challenges two policies, Defendants' "Meal Break Deduction Policy" and "Twenty Minute Break Policy," as likewise identified in *Camesi*); *see also id.* at 8-9 (arguing, convincingly, that Plaintiffs' allegations in *Belle* are, at bottom, the same as those asserted in *Camesi*).

Unsurprisingly, Defendants strongly object to relitigating the collective-action allegations in this new lawsuit, involving a vast majority of the same opt-ins as in *Camesi*, after decertification was thoroughly litigated and after Plaintiffs' counsel strategically "misfired" in the Court of Appeals. Defendants couch their challenge in terms of issue preclusion, previously known as "collateral estoppel," and the Court believes that Defendants' arguments beg a very good question: is the proper "next stage" of this collective litigation, if any, to allow the *Camesi* opt-ins to relitigate, through a new lawsuit, the unfavorable decertification ruling

2

issued by this Court and unsuccessfully challenged on appeal? The answer to this question is, resoundingly, "no."

To place the question in further context, after the *Camesi* plaintiffs (and, by operation of law, the opt-ins) had their collective action decertified, they had two *viable* options. As the Court of Appeals explained: (1) they "could have obtained appellate review of the decertification order by proceeding to final judgment on the merits of their individual claims"; or (2) they "could have asked the District Court[] to certify [the] interlocutory [decertification] order[] for appeal." Camesi, 729 F.3d at 245. The *Camesi* lawyers did neither, but rather attempted "a procedural sleight-of-hand to bring about finality," an approach soundly rejected by the Third Circuit. *See id.* One sleight-of-hand maneuver having proven unsuccessful, they now seek to resuscitate their collective-action claims by having other of the *Camesi* opt-ins assert thinly-dressed "new" claims, involving the same legal and factual issues that led to decertification in the first instance.

As it hardly bears repeating, an incredible amount of time, effort and expense was poured into the preliminary certification, and ultimate decertification, of the collective action in *Camesi*. Thereafter, the *Camesi* plaintiffs did not undertake the necessary and appropriate steps to secure appellate review, and the question here is whether the District Court is constrained by the law to reopen the collective action proceedings, and go back to "square one" on those issues. Mercifully, the law does not support this result.

The doctrine of issue preclusion may be invoked when: (1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted has had a full and fair opportunity to litigate the

3

issue. Kundratic v. Thomas, 2014 WL 3378357, *3 n.6 (3d Cir. Jul. 11, 2014) (citation to binding authority omitted).

Although Plaintiffs' counsel suggests that the claims in the two lawsuits must be identical in every respect, this assertion is inconsistent with the law. *See id.* ("Identity of legal causes . . . is not required."). "To apply issue preclusion, a court need not find that the claims in two separate actions were identical; rather, identical factual or legal issues may be material to both actions, even if the claims they support are somewhat different." Alevras v. Tacopina, 226 Fed. Appx. 222, 228 (3d Cir. Apr. 6, 2007) (citation to binding authority omitted, emphasis added).

The named Plaintiffs in *Belle*, and the vast majority of their opt-ins, are former *Camesi* opt-ins, asserting the same legal theories for collective action treatment. *See* discussion *supra* (noting identity of theories in *Camesi* and *Belle*, regarding Defendants' "Meal Break Deduction Policy" and "Twenty Minute Break Policy"). Having exhaustively adjudicated the collective action issues in *Camesi*, the Court has no doubt that identical factual and legal issues would incur. The *Belle* Plaintiffs' modest reworking of their pleadings cannot overcome the identity of issues between the two cases. Indeed, the Court cannot imagine how the same opt-ins in *Camesi* can be viewed as stating *non*-identical claims in *Belle*, when they necessarily are complaining of the same conduct of Defendants, however worded, in both cases. In any event, whatever modest distinctions may be drawn between the two cases, they are insufficient to justify permitting counsel to make an "end-run" around the unfavorable decertification ruling in *Camesi*, and the subsequent unfavorable decision on appeal.

The other significant factor regarding issue preclusion is the "finality" of the rulings in *Camesi*. Plaintiffs' counsel hammers the point that Defendants argued, and the Third Circuit

4

Court agreed, that the decertification ruling was not "final" for the purposes of appeal under 28 U.S.C. § 1291. *Cf.* Pls.' Opp'n Br. (Doc. 56) at 15-18. Within the context of issue preclusion, however, the law does not support Plaintiffs' crabbed reading of the term "final." Under the preclusion analysis, "finality" may be interpreted more broadly, and "decisions [that are] not ['']final['] for purposes of appealability may nevertheless be sufficiently final to have issue[-]preclusive effect." Greenleaf v. Garlock, Inc., 174 F.3d 352, 360 (3d Cir. 1999); *accord* Henglein v. Colt Indus. Operating Corp., 260 F.3d 201, 210 (3d Cir. 2001) ("issue preclusion . . . does not require the entry of a judgment, final in the sense of being appealable").

Contrary to Plaintiffs' suggestion:

> There is no bright-line rule regarding what constitutes a 'final judgment' for issue preclusion. Instead, . . . a prior adjudication of an issue in another action must be sufficiently firm to be accorded conclusive effect. . . . [F]inality for purposes of issue preclusion is a more pliant concept than it would be in other contexts, and that finality may mean little more than that <u>the litigation of a particular issue has reached such a stage that [the] court sees no really good reason for permitting it to be litigated again</u>. . . . Factors that courts consider when determining whether the prior determination was sufficiently firm include: <u>whether the parties were fully heard</u>, <u>whether a reasoned opinion was filed</u>, <u>and whether that decision could have been, or actually was, appealed</u>.

Free Speech Coal., Inc. v. Attorney General of U.S., 677 F.3d 519, 541 (3d Cir. 2012) (citations and most internal quotations omitted, emphasis added).

These factors counsel strongly in favor of issue preclusion. As the risk of waxing colloquial, the issues of collective-action certification and decertification in *Camesi* were litigated "to death." The lawyers representing the *Belle* Plaintiffs, here, are the same ones that represented them as *Camesi* opt-ins; the plaintiffs and opt-ins were zealously represented; and counsel had more than abundant opportunity to be heard. The parties' and the Court's

5

efforts culminated in the issuance of a memorandum and order, spanning twenty-two pages of text and eleven footnotes, that meticulously analyzed every nuance the parties' arguments.

Thereafter, the plaintiffs made a calculated, and ultimately unsuccessful, attempt to secure a merits-appeal regarding decertification. As the Third Circuit Court specifically noted, the plaintiffs' appeal declined to question or challenge the order granting dismissal of their claims. The *Camesi* case has reached the end of its line, and allowing an actual or *de facto* reopening of the decertification ruling through this "new" lawsuit would be both an exercise in futility and a gross injustice to Defendants. "The [C]ourt sees no . . . good reason for permitting [the certification/decertification issue] to be litigated again," Free Speech, 677 F.3d at 541, and issue preclusion attaches.

The remaining requirements of issue preclusion are easily established. As referenced above, the Court has no doubt that the *Belle* Plaintiffs, all of whom were *Camesi* opt-ins,[1] had a full and fair opportunity to litigate the relevant issues. There can be no doubt, moreover, that the named Plaintiffs in *Belle* were parties to the prior adjudication. 29 U.S.C. § 216(b) ("[an] employee shall be a party plaintiff to any [FLSA] action [if] he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought").[2]

---

[1] In connection with their original and amended Motions to Dismiss, Defendants have confirmed that all of the named Plaintiffs in *Belle* are *Camesi* opt-ins, *see* Defs.' Brs. at Doc. 36 at 3 *and* Doc. 53 at 2 n.2, and Plaintiffs have not disputed this fact.

[2] The Court does not believe that Plaintiffs' counsel can "plead around" issue preclusion by culling other named-plaintiffs from the scant number of *Belle* opt-ins who did not also participate in *Camesi*. It would be a perversion of the collective-action process to entertain a "class" definition that expressly excludes *Camesi* opt-ins (*e.g.*, "all current or former employees, . . . who did not 'opt in' to *Camesi*, and who were not fully compensated for time worked during unpaid meal breaks"). This Circuit's standards regarding "privity" would avoid such an absurd result. *See* Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 312-13 (3d Cir. 2009) (for purposes of issue preclusion, traditional notions of privity may extend bar to

Finally, the Court summarily rejects Plaintiffs' suggestion that issue preclusion may "never" attach to a decertification ruling. The cases cited by Plaintiffs support the unremarkable proposition that the decertification of a nationwide collective action typically will not preclude subsequent, state-wide collective claims. *See* cases cited in Pls.' Opp'n Br. (Doc. 56) at 4-5. Given the unusual posture of *Camesi*, and the plaintiff's failed attempts on appeal, the Court would be rather surprised to find any legal precedent addressing the specific circumstances presented here. To the extent that any non-binding court decisions are arguably or actually inconsistent with the rulings above, the Court declines to follow them.

For all of the reasons stated above, Defendant's Motion to Dismiss is well taken, and Plaintiffs' collective action allegations will be stricken. Furthermore, the claims of all of the opt-ins in *Belle*, like the opt-ins in *Camesi*, are denied without prejudice to the refiling of individual actions.[3] Finally, Defendants' request to sever the individual *Belle*-Plaintiffs' claims will be denied without prejudice. Although the rulings herein do not bode well for Plaintiffs' proceeding jointly in any fashion, they are somewhat collateral to the question of joinder/severance, and the parties will be afforded an opportunity to flesh out their positions, should they choose, so the Court can make a more informed decision.

As for the named Plaintiffs' Motion for Partial Summary Judgment on liability, that request is summarily denied. Defendants have identified a plethora of material disputed facts, and Plaintiffs' cherry-picking of the evidence arguably flirts with the bounds of Rule 11.

---

nonparty who was "adequately represented by someone with the same interests who [was] a party," or where "the nonparty attempts to bring suit as the designated representative of someone who was a party in the prior litigation").

[3] As should be obvious from the analyses above, the *Camesi* opt-ins should not, through joining *Belle*, stand in a better position now than they did after their counsel unsuccessfully attempted to appeal the decertification order. Rather, the opt-ins remain where they were, with potential individual actions only.

Although the undersigned declines to find that counsel have stepped over the line, the Court will indulge Plaintiffs' arguments no further.

Consistent with the foregoing, the Court hereby enters the following:

## II. **ORDER**

Defendants' Motion to Dismiss (**Doc. 52**) is **GRANTED** to the extent described above; Plaintiffs' collective action allegations are **STRICKEN**; the claims of the opt-in plaintiffs in this case are **DISMISSED WITHOUT PREJUDICE**; Defendants' request to sever the claims of the named-Plaintiffs is **DENIED WITHOUT PREJUDICE**; and Plaintiffs' Partial Motion for Summary Judgment (**Doc. 48**) is **DENIED**.

IT IS SO ORDERED.


September 29, 2014                                  s\Cathy Bissoon
                                                    Cathy Bissoon
                                                    United States District Judge

cc (via ECF email notification):

All counsel of record